Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXCO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>STAND OUT FOR GOOD, INC., doing business as "Altar'd State," a Tennessee corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br>  **1. COPYRIGHT INFRINGEMENT**<br>  **2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>  **3. VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

Plaintiff Texco, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Texco, Inc. ("Texco" or "Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal place of business in California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Stand Out for Good, Inc., doing business as "Altar'd State" ("Altar'd"), is a Tennessee corporation with a principal place of business at 550 Frank Gardner Lane, Knoxville, Tennessee 37932 and is doing business in and with the State of California and this District.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 ("DOE Defendants") (collectively with Altar'd, "Defendants"), inclusive, are parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Texco is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of

all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Texco's rights and the damages to Texco proximately caused thereby.

## CLAIMS RELATED TO TEXCO'S DESIGN P-593

8.    Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of garment production. It allocated this design Texco's internal design number P-593 (the "Subject Design"). This artwork was a creation of Texco and/or Texco's design team, and is, and at all relevant times was, owned exclusively by Texco.

9.     Texco owns a United States Copyright Registration covering the Subject Design that predates Defendants' unauthorized use of the same.

10.    Prior to the conduct complained of herein, Texco extensively sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

11.    Following its distribution of product and fabric bearing the Subject Design, Texco's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design to the public.

12.    Texco is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Design, Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments (the "Offending Products") comprised of fabric bearing unauthorized reproductions of the Subject Design to the public, including, but not limited to customers in California and this District.

13.    Texco is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive

knowledge of Texco's rights and/or in blatant disregard for Texco's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

14. A non-exclusive comparison of the Subject Design and exemplars of the Offending Products are shown below:

| SUBJECT DESIGN | OFFENDING PRODUCT |
|---|---|
| P-593 | Style No.: 26CI96SMRP |









15.     The above referenced comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially, if not strikingly, similar.

16.     On September 9, 2025, Texco attempted to resolve the dispute by sending Altar'd a demand letter. Altar'd, however, made no meaningful efforts to resolve the dispute, necessitating the instant action.

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

17.     Texco repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18.     Texco is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design including, without limitation, through (a) access to Texco's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Texco's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Texco for its customers.

19.     Texco is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Texco is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were illegal derivations or modifications thereof.

20.     Texco is informed and believes and thereon alleges that Defendants, and each of them, infringed Texco's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a network of retail stores, catalogues, and through on-line websites.

21. Due to Defendants' acts of infringement, Texco has suffered substantial damages to its business in an amount to be established at trial.

22. Due to Defendants' acts of infringement, Texco has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Texco is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Texco's rights in the Subject Design in an amount to be established at trial.

24. Texco is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Texco will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Contributory Copyright Infringement - Against All Defendants)

25. Texco hereby realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

26. On information and belief, Texco alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Design as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use the Subject Design, and/or selling such derivative works and products and

that that Defendants knew, or should have known, were not authorized to be published by Defendants.

27. Defendants had actual knowledge, and/or were aware of the facts and circumstances, surrounding the creation of the Offending Products.

28. Texco alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of Texco's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

29. By reason of Defendants' acts of contributory infringement as alleged above, Texco has been damaged and has suffered damages in an amount to be established at trial.

30. Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Texco's rights in the Subject Design. As such, Texco is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Design, in an amount to be established at trial.

31. Texco is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Texco will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

### (For Vicarious Copyright Infringement - Against All Defendants)

32. Texco repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

33. On information and belief, Texco alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Offending Products, and were able to supervise the reproduction, distribution, broadcast, and publication of the Offending Products.

34. Defendants also have a direct financial interest in its suppliers' conduct, including with respect to the Offending Products, because Defendants realize increased profits through the proliferation and dissemination of the Offending Products through its retail business by disregarding the intellectual property rights of copyright holders such as Texco and saving money on licensing fees and costs with regard to the same.

35. Texco alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that acts of vicarious copyright infringement were, and continue to be, willful, intentional, and malicious.

36. By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Texco has suffered general and special damages in an amount to be established at trial.

37. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Texco's rights in the Subject Design. As such, Texco is entitled to disgorgement of Defendants' profits

COMPLAINT

directly and indirectly attributable to Defendants' infringement of Texco's rights in the Subject Design, in an amount to be established at trial.

38.   On information and belief, Texco alleges that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

    a.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

    b.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c.  That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

    d.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

    e.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

    f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

    g.  That Plaintiff be awarded the costs of this action; and

h.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


                                      Respectfully submitted,


Dated: April 15, 2026          By:    */s/ Andres Navarro*
                                      Trevor W. Barrett, Esq.
                                      Andres Navarro, Esq.
                                      DONIGER / BURROUGHS
                                      Attorneys for Plaintiff